§JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Patent Research Institute, L.L.C.

## DEFENDANTS
Wm. Bolthouse Farms, Inc.; Bolthouse Juice Products, LLC

**(b)** County of Residence of First Listed Plaintiff: Harris County, TX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Nelkin & Nelkin   713-526-4500
5417 Chaucer
Houston, TX 77005

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. Section 292

Brief description of cause:
qui tam action for false marking of patent

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 03/08/2011

SIGNATURE OF ATTORNEY OF RECORD: /s/ Stuart M. Nelkin

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | § | |
|---|---|---|
| **PATENT RESEARCH INSTITUTE, L.L.C.** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:11-cv-00151 |
| | § | |
| | § | |
| **WM. BOLTHOUSE FARMS, INC.** and | § | **JURY TRIAL DEMANDED** |
| **BOLTHOUSE JUICE PRODUCTS, LLC** | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

### I. NATURE OF THE CASE

1. This is an action for false patent marking under Section 292 of the Patent Act (35 U.S.C. § 292) which provides that any person may sue to recover the civil penalty for false patent marking. Plaintiff Patent Research Institute, L.L.C. brings this *qui tam* action on behalf of the United States of America against Defendants, Wm. Bolthouse Farms, Inc. and Bolthouse Juice Products, LLC (collectively "Defendants").

### II. PARTIES

2. Plaintiff Patent Research Institute, L.L.C. is a Texas limited liability company with its principal place of business in Houston, Texas.

3. Defendant Wm. Bolthouse Farms, Inc. is a Michigan corporation having its principal place of business at 7200 E. Brundage Lane., Bakersfield, California, 93307-3016.

4. Defendant Bolthouse Juice Products, LLC is a Delaware limited liability company having its principal place of business at 7200 E. Brundage Lane, Bakersfield, California, 93307-3016.

### III. JURISDICTION AND VENUE

5. The Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendants. Defendants have continuously conducted business within the State of Texas. Defendants have continuously offered for sale and sold, marked, and advertised the products that are the subject of this Complaint in the United States, the State of Texas, and the Eastern District of Texas.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), and 1395(a).

### IV. FACTS

8. Defendants have marked and continue to mark their bottled juice products (the "Falsely Marked Products") with an inapplicable patent, U.S. Patent No. D488,070 (the "Falsely Marked Patent"). Such false marking by Defendants includes (a) marking the Falsely Marked Patent upon the Falsely Marked Products, (b) affixing the Falsely Marked Patent to the Falsely Marked Products and (c) using the Falsely Marked Patent in advertising in connection with the Falsely Marked Products.

9. U.S. Patent No. D488,070 (attached hereto as Exhibit 1) has no application to the Falsely Marked Products.

10. U.S. Patent No. D488,070 is a design patent that discloses certain design characteristics that the containers of the Falsely Marked Products lack. In particular, Patent No. D488,070 discloses a particular type of bottle design that is different in design from the container used for the Falsely Marked Products. Patent No. D488,070 discloses a design for a bottle with oval side panels and without a star shaped indentation in its bottom. In contrast, the containers of the Falsely Marked Products do not possess oval panels but do possess a star shaped indentation in

their bottoms. In addition, some of the containers of the Falsely Marked Products possess a built in handle indentation that Patent No. D488,070 lacks.

11. U.S. Patent No. D488070 describes a container and not a product like the Falsely Marked Products. Even if this were proper, the design disclosed in U.S. Patent No. D488070 does not cover the design of any of the containers of the Falsely Marked Products.

12. It was a false statement for Defendants to mark the Falsely Marked Products with an inapplicable patent.

13. Defendants are large, sophisticated companies.

14. Defendants have, and/or regularly retain, sophisticated legal counsel.

15. Defendants have many years of experience applying for patents, obtaining patents, and licensing patents.

16. Defendants knew that the Falsely Marked Products were not covered by the Falsely Marked Patent.

17. Defendants knew that it was a false statement to mark the Falsely Marked Products with an inapplicable patent.

18. Defendants knew that their use of the Falsely Marked Patent would give them a competitive advantage and would increase their revenue.

## V. INJURY IN FACT TO THE UNITED STATES

19. Defendants' false marking has injured the United States and continues to do so.

20. Defendants' false marking has caused injuries to the sovereignty of the United States arising from Defendants' violations of federal law, specifically, Defendants' violation of 35 U.S.C. § 292(a).

21. Defendants' false marking has caused proprietary injuries to the United States and

continues to do so.

22. The marking and false marking statutes exist to give the public notice of patent rights. Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design, such as the Falsely Marked Products.

23. Federal patent policy recognizes an important public interest in permitting full and free competition in the use of ideas which are, in reality, a part of the public domain-such as those described in the Falsely Marked Patent.

24. Congressional interest in preventing false marking was so great that Congress enacted 35 U.S.C. §292(a) which seeks to encourage private parties to enforce the statute. By permitting members of the public to bring *qui tam* suits on behalf of the Government, Congress authorized private persons such as Plaintiff to help control false marking.

25. Defendants' acts of false marking deter innovation and stifle competition in the marketplace for the following reasons: (a) if an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market; (b) false marks may deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement; and (c) false marking can cause unnecessary investment in design to avoid presumed patent infringement or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

26. Defendants' false marking misleads the public into believing that the Falsely Marked Patent gives Defendants control of the Falsely Marked Products, and places the risk of determining whether the Falsely Marked Products are controlled by the Falsely Marked Patent

on the public rather than on Defendants, thereby increasing the cost to the public of ascertaining whether Defendants in fact control the intellectual property embodied in the Falsely Marked Products.

27.  In each instance where Defendants have represented that the Falsely Marked Products are protected by the Falsely Marked Patent, a member of the public desiring to participate in the market for products similar to the Falsely Marked Products must incur the cost of determining whether the involved Falsely Marked Patent is valid and enforceable. Failure to take on the costs of a reasonably competent search for information necessary to interpret the Falsely Marked Patent, investigation into prior art and other information bearing on the quality of the patent, and analysis thereof can result in a finding of willful infringement, which may treble the damages a potential infringer would otherwise have to pay.

28.  Defendants' false marking also creates a misleading impression that the Falsely Marked Products are technologically superior to other available products, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

29.  Every person or company in the United States is a potential entrepreneur with respect to the process, manufacture, or composition of matter described in the Falsely Marked Patent. Moreover, every person or company in the United States is a potential competitor of Defendants with respect to the Falsely Marked Products marked with the Falsely Marked Patent.

30.  Each Falsely Marked Product and advertisement thereof is likely to discourage or deter members of the public from commercializing a competing product even though the Falsely Marked Patent has no legal authority to prevent any person or company in the United States from competing with Defendants in commercializing such products.

31.  Defendants' marking of the Falsely Marked Products and advertising thereof may stifle

competition with respect to similar products to an immeasurable extent, thereby causing harm to the United States in an amount that cannot be readily determined.

32. Defendants have wrongfully and illegally advertised a patent monopoly that they do not possess and, as a result, have benefited by increasing or maintaining, their market power or commercial success with respect to the Falsely Marked Products.

33. Each individual false marking (including each time an advertisement with such marking is accessed on the internet), is likely to harm the public. Thus, each such false marking is a separate offense under 35 U.S.C. § 292(a).

34. Each offense of false marking creates a proprietary interest of the United States in the penalty that may be recovered under 35 U.S.C. § 292(b).

35. For the reasons stated in paragraphs 8 through 34 above, Defendants' false marking has caused injuries to the sovereignty of the United States arising from Defendants' violations of federal law, and has caused proprietary injuries to the United States.

## VI. CLAIM

36. For the reasons stated in paragraphs 8 through 35 above, Defendants have violated 35 U.S.C. § 292 by falsely marking the Falsely Marked Products with intent to deceive the public.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

A. An accounting of the number, sales, and revenue of any Falsely Marked Products;

B. A judgment in favor of Plaintiff that Defendants have falsely marked products in violation of 35 U.S.C. § 292 and imposing a civil fine of $500 per each Falsely Marked Product and false marking offense or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

C.      An award of pre-judgment and post-judgment interest on any monetary award;

D.      An injunction prohibiting Defendants and their officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them from violating 35 U.S.C. § 292;

E.      An award of attorneys fees and costs, and other expenses and an enhancement of damages and penalties; and

F.      Such other and further relief to which Plaintiff is entitled.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: March 8, 2011

                        Respectfully submitted,

                        /s/ Stuart M. Nelkin _____
                        Stuart M. Nelkin
                        Texas Bar No. 14884000
                        Carol Nelkin
                        Texas SBN: 14883500
                        Jay P. Nelkin
                        (Pro Hac Vice Motion to be filed)
                        NELKIN & NELKIN, P.C.
                        5417 Chaucer Drive
                        Houston, Texas 77005
                        (713) 526-4500 Telephone
                        (281) 825-4161 Facsimile
                        *Attorneys for Plaintiff*